FILED

UNITED STATES DISTRICT COURT 2014 AUG 22 PM 1: 25
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

| | |
|---|---|
| TAYLOR KING,<br>Plaintiff, | CASE NO.: 3:14-cv-1005-J-32PDB<br>**CLASS ACTION** |

vs.

MIRACLE WINDOWS AND SUNROOMS, INC.

**Defendant.**
_____/

## CLASS ACTION COMPLAINT

Plaintiff, Taylor King, brings this action on behalf of himself and all other persons similarly situated, by and through his attorneys, against Defendant, Miracle Windows and Sunrooms, Inc. ("Miracle"). In support of his Class Action Complaint, King states:

### PRELIMINARY STATEMENT

1. This case challenges Miracle's practice of violating the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq., in furtherance of Miracle's marketing efforts by making unsolicited and unauthorized advertising calls to cellular phones without consent via an automatic dialing system.

2. The TCPA prohibits a person or entity from using an automated dialing system or artificial or prerecorded voice to dial cellular phones without the recipient's prior express written consent.

3. Miracle's practice is willful and intentionally directed to cellular phones or mobile devices, or both, and is a direct violation of the TCPA.

4. The TCPA provides a private right of action and provides statutory damages of

$500-$1500 per violation.

5. On behalf of himself and all others similarly situated, King brings this case as a class action asserting a claim against Miracle under the TCPA.

## PARTIES

6. King is a citizen of Florida, who maintains his domicile in Duval County, Florida.

7. Miracle is a Florida corporation which maintains its headquarters at 520 Temple Hill Road, New Windsow, NY 12553

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Defendant's violation of the TCPA presents a federal question.

9. Venue is proper in this District under 28 U.S.C. § 1391 because Defendant's violation of the TCPA took place in this District.

## DEMAND FOR JURY TRIAL

10. Pursuant to Federal Rule of Civil Procedure 38(b)(1), King requests a trial by jury on the claims so triable.

## FACTS

11. King is the owner of the cellular telephone number 904-405-####.

12. Beginning on March 25, 2014 through May, 2014, King received at least 20 unsolicited marketing calls from Miracle on his cellular telephone. Miracle made these unsolicited marketing calls to King's cellular phone number using a system which either makes calls to cellular telephone numbers from a list of stored numbers or makes calls by randomly or sequentially generating the number to which a call will be made. These unsolicited marketing calls had the single purpose of promoting Miracle's services.

13. King did not consent to receiving marketing calls from Miracle.

14. Miracle made numerous similar unsolicited marketing calls to many other persons and, therefore, should be liable for statutory damages under the TCPA. Miracle should also be enjoined from committing similar violations in the future.

### COUNT I (VIOLATION OF THE TCPA)

15. King realleges paragraphs 1 through 14.

16. The TCPA makes unlawful the use of automated telephone equipment to make any call to any number assigned to a cellular telephone service. 47 U.S.C. § 227(b)(1)(A)(iii).

17. The Federal Communications Commission ("FCC") has required entities to obtain prior express written consent before sending text messages which advertise the commercial availability of goods or services. 47 C.F.R. § 64.1200.

18. The TCPA, 47 U.S.C. § 227(b)(3), provides:(3) PRIVATE RIGHT OF ACTION. A person or entity may, if otherwise permitted by the laws or rules of a court of a State, bring in an appropriate court of that State:

(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

(C) both such actions.

19. The Court, it its discretion, can treble the statutory damages if the violation was willful or knowing. 47 U.S.C. § 227.

20. King and each class member suffered damages as a result of their receipt of Miracle's unsolicited telephone calls.

21. King and each class member are entitled to statutory damages.

22. Miracle violated the TCPA even if its actions were only negligent.

23. Miracle should be enjoined from committing similar violations in the future.

24. Pursuant to Fed. R. Civ. P. 23(a) and (b)(3), King brings this claim on behalf of a class, consisting of all persons who (1) on or after August 22, 2010; (2) were the recipients of unsolicited calls advertising the commercial availability of any property, goods, or services by or on behalf of Miracle; and (3) with respect to whom Miracle cannot provide evidence of prior express permission.

25. Pursuant to Rule 23(a)(1) of the Federal Rules of Civil Procedure, the members of the putative class are so numerous and geographically dispersed that individual joinder of all members of those three putative classes is impracticable. Miracle uses a system which either makes calls to cellular telephone numbers in a list of stored numbers or sends texts by randomly or sequentially generating the number to which a call will be made so that it can make hundreds of thousands of marketing calls. King is therefore confident that there are hundreds (if not thousands) of members of the putative class.

26. Pursuant to Rule 23(a)(2) and 23(b)(3) of the Federal Rules of Civil Procedure, this action involves common questions of law and fact, which predominate over any questions affecting individual putative class members, including, but not limited to:

    a. Whether Miracle, while using an automated dialing system, made unsolicited marketing calls to the cellular telephone numbers used by King and putative class members; and

    b. Whether Miracle had the prior express written consent to make unsolicited marketing calls using an automated dialing system.

27. Pursuant to Rule 23(a)(3) of the Federal Rules of Civil Procedure, King's claims are typical of the other putative class members' claims because all members of the putative class were comparably injured through Miracle's wrongful conduct as alleged in this Complaint.

28. Pursuant to Rule 23(a)(4) of the Federal Rules of Civil Procedure, King is an adequate class representative because his interests do not conflict with the interests of the other members of the putative class King seek to represent. In addition, King has retained counsel competent and experienced in complex class action litigation. Finally, King intends to prosecute this action vigorously and the putative class's interests will be fairly and adequately protected by King and his counsel.

29. Pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure, Miracle acted on grounds generally applicable to King and the other members of the putative class, thus making appropriate final injunctive and declaratory relief, as described in this Complaint, with respect to the putative class members as a whole.

30. Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, a class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by King and the putative class are relatively small compared to the burden and expense that would be required to individually litigation their claims against Miracle, so it would be impracticable for the members of all three classes to individually seek redress for Miracle's wrongful conduct. Even if putative class members could afford individual litigation, the court system could not. Individualized litigation creates the potential for inconsistent or contradictory outcomes, and increases the delay and expense to all parties and the court system. In contrast, the class action device presents far fewer management

difficulties, and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**WHEREFORE**, Plaintiff King, individually and on behalf of all others similarly situated, respectfully requests that this Court enter judgment in his favor and against Defendant Miracle as follows:

    a. Adjudge and decree that the present case may be properly maintained as a class action, appoint King as the representative of the class, and appoints King's counsel as class counsel;

    b. Award $500.00 in damages for each violation of the TCPA;

    c. Enter an injunction prohibiting Miracle from engaging in the statutory violations at issue in this action; and

    d. Award costs and such further relief as the Court may deem just and proper.

**MAX HUNTER STORY, P.A.**

_____
MAX HUNTER STORY, ESQ.
Florida Bar No. 527238
328 2nd Avenue North, Suite 100
Jacksonville Beach, FL  32250
Telephone: (904) 372-4109
Facsimile: (904) 758-5333
max@maxstorylaw.com
Attorney for Plaintiff